HOOKS v. HAYS, administrator, for use.

1. The evidence being conflicting and the court below being satisfied with the verdict, there was no error in overruling the motion for new trial as to the grounds that the verdict was contrary to law and evidence.
2. Where amendments were allowed without objection at the time, or exception *pendente lite*, it was too late to complain of their allowance in a motion for new trial two years thereafter.
3. The suit being originally by Ford, to foreclose a mortgage against Hooks, the note and mortgage being payable to the order of Haily, and an amendment having been allowed making Hays, the administrator of Haily, party plaintiff suing for the use of Ford, and the suit after the amendment proceeding in the name of Hays as such administrator, that there was no written transfer of the mortgage from Haily to Ford was not ground for refusing to admit the mortgage in evidence.
4. It was not error to allow a witness not a party and apparently disinterested to testify that Haily told him that he (Haily) had sold the mortgage to Ford, the contract between Haily and Ford being treated by both parties and the court as an issue on the trial.
5. After the amendment making Hays a party plaintiff, testimony by Ford that he was a *bona fide* holder of the note and mortgage before the institution of the suit, was immaterial and did not damage the defendant; his defence was not prejudiced, whether Ford owned the mortgage or it was part of the assets of Haily, as Ford did not claim to have purchased the note and mortgage before they fell due.
6. For reasons above given, there was no error in refusing a new trial upon the ground that the court allowed Ford to testify that he told Hooks how he held the note and mortgage, etc., the objection being that the transfer of the mortgage should be in writing. ·

March 16, 1891. Argued at the last term.

Foreclosure of mortgage.  Amendment.  Practice. Evidence.  Before Judge BOWER.  Worth superior court.  April term, 1890.

Reported in the decision.

J. W. WALTERS, for plaintiff in error.

D. H. POPE, *contra.*

SIMMONS, Justice.

Iverson L. Ford commenced his suit to foreclose a mortgage against J. T. Hooks, in October, 1883.  The

note and mortgage were payable to the order of E. F. Haily, and Ford alleged that he purchased the same from Haily before the latter's death. At a subsequent term of the court, two amendments were allowed to the petition for foreclosure, one adding a prayer for a judgment of ten per cent. counsel fees, and the other making the administrator of Haily a party plaintiff suing for the use of I. L. Ford. No objections were made to these amendments at the time they were allowed by the court. Two years after these amendments were made, the case was tried, and the plea relied on by the defendant was payment. The jury returned a verdict in favor of the plaintiff, and the defendant made a motion for a new trial upon the several grounds contained therein, which was overruled by the court.

1. The 1st and 2d grounds of the motion were the usual ones, that the verdict is contrary to law and the evidence. The evidence was conflicting as to whether the note and mortgage had been paid by the defendant; and the jury finding that they had not been paid, and the court being satisfied with their verdict, there was no error in refusing a new trial upon these grounds.

2. The 3d and 8th grounds complain of the allowance of the two amendments to the petition for foreclosure, the amendment asking for counsel fees, and the amendment making Hays a party plaintiff suing for the use of Ford. These two grounds of the motion cannot be considered, because the record shows that these amendments were allowed at the April term, 1888, and no objection thereto was at that time made, or exception *pendente lite* filed. It was, therefore, too late to complain of their allowance by the court in the motion for a new trial, two years thereafter.

3. The 4th ground of the motion complains that the court erred in allowing the mortgage from Hooks to Haily to be introduced in evidence, on the ground that there was no written transfer of said mortgage from

Haily to Ford. After the amendment making Hays, the administrator of Haily, a party, was allowed, this was not a good ground of objection. The suit, after this amendment, proceeded in the name of Hays as such administrator, and the mortgage was therefore admissible in evidence.

4. The 5th ground complains that the court erred in allowing plaintiff's witness, Bob Ford, to testify that Haily told him that he (Haily) had sold the mortgage to I. L. Ford. Objection was made to this testimony on the ground that it was hearsay. We can see no objection to the admission of this testimony. Bob Ford was not a party plaintiff, appears to have been a disinterested witness, and was testifying to a contract he heard made between Haily and I. L. Ford. That contract was treated by both parties and the court as an issue on the trial, and we are at a loss to understand why Bob Ford could not testify thereto.

5. The 6th ground alleges error in allowing the plaintiff, I. L. Ford, to testify that he was a *bona fide* holder of the note and mortgage before the institution of the suit to foreclose the same. After the amendment making Hays a party plaintiff, this testimony was immaterial and did no damage to the defendant. It was of no concern to him whether I. L. Ford was the owner of the mortgage, or whether it was a part of the assets of the estate of Haily and belonged to Hays as administrator. His defence was not prejudiced whether the one owned it or the other, as Ford did not claim to have purchased the note and mortgage before they fell due.

6. For the reasons given in our comments on the 4th ground, there was no error in refusing a new trial upon the 7th ground of the motion, which complains that the court erred in allowing the plaintiff, Ford, to testify that he told Hooks how he held the note and mortgage, etc., the objection being that the transfer of the mortgage should be in writing. *Judgment affirmed.*